# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| RICKY LEE ALLEN, | ) |
|     Plaintiff, | ) |
| v. | ) No.: 4:21-CV-37-KAC-CHS |
| DEPUTY JAKUB WATTS, VANBUREN COUNTY JAIL/LOCKUP, EDDIE CARTER, VANBUREN COUNTY SHERIFF'S DEPT., REBECCA GRISSON, and VANBUREN COUNTY, | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Ricky Lee Allen is proceeding pro se in a civil rights action under 42 U.S.C. § 1983 [Doc. 1]. For the reasons set forth below, the Court **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

### I. ALLEGATIONS OF COMPLAINT

On June 14, 2021, Vanburen County Sheriff's Deputy Jakub Watts arrested Plaintiff "for allegedly driving on an alleged Class A misdemeanor traffic violation" and transported Plaintiff to the Vanburen County Jail for booking [Doc. 1 p. 3-4]. The booking process, which Plaintiff contends should have taken only 20 to 30 minutes, allegedly took 20 to 22 hours [*Id*. at 4]. Plaintiff maintains that he was denied medical and mental health treatment during the booking period, despite "very obvious mental health issues that were made known to Deputy Watts and Sheriff Eddie Carter" [*Id*.].

Plaintiff alleges that Defendants gave him an excessive bond of $5,000 and used his pretrial detention as a means of inflicting cruel and unusual "personal retribution" on him [*Id*. at 5-6].

Plaintiff contends that Defendants failed to follow "State, local, Federal, and facility" regulations and procedures during his arrest and pretrial detention and that their failure to allow him to make phone calls or receive treatment prior to the completion of the booking process caused him pain and emotional distress [*Id*. at 6-7]. Plaintiff maintains that he has filed two complaints against Deputy Watts, but that no one has responded to his complaints [*Id*. at 6].

Ultimately, Plaintiff brings claims against Defendants Deputy Jakub Watts, "Vanburen County Lock Up," Sheriff Eddie Carter, "Vanburen County Sheriff's Dept," Rebecca Grissom, and "Vanburen County" [Doc. 1 p. 1]. Plaintiff asks the Court to order appropriate mental health treatment and require Defendants to pay him the "maximum allowed under law" for pain, suffering, and mental and emotional distress [*Id*. at 8].

## II. SCREENING STANDARD

Under the PLRA, a district court must *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) (stating PLRA screening procedures apply even if plaintiff pays entire filing fee). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. § 1915A(b)(1)] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the

2

Constitution and laws." 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and "hold [them] to [a] less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. The Entity Defendants

As a preliminary matter, neither the Vanburen County Lockup/Jail nor the Vanburen County Sheriff's Department are a "person" for purposes of Section 1983. *See, e.g.*, *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]"); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Court dismisses these Defendants.

A county, however, may be liable under Section 1983 for injuries sustained as a result of an unconstitutional policy or custom of the county. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for

3

harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). In this case, Plaintiff alleges that he was subjected to excessive bond and extended pretrial detention due to Defendants' desire to inflict retribution on him personally [Doc. 1 p. 5]. However, he does not identify any policy or custom of Vanburen County that caused any alleged constitutional violation. Accordingly, Plaintiff has failed to state a cognizable claim against Vanburen County, and the Court dismisses Vanburen County.

## B. The Individual Defendants

Plaintiff brings claims against three individual Defendants: Deputy Watts, Sheriff Carter, and Rebecca Grissom (collective the "Individual Defendants"), but those claims also fail. First, to the extent Plaintiff intends to assert a Section 1983 claim against the Individual Defendants in connection with his arrest, he fails to set forth any facts from which the Court could infer that his arrest was improper. Therefore, any such claim fails to raise a right to relief and will be dismissed. *See, e.g., Twombly*, 550 U.S. at 555, 570.[1] The same is true for Plaintiff's allegation that he was denied adequate mental health and/or medical treatment during the booking process. Although Plaintiff cites "obvious" mental health issues [Doc. 1 p. 4], he provides the Court with no facts that would allow it to plausibly infer that Plaintiff required treatment, medical or otherwise, at the time of his arrest, or that any Individual Defendant acted with the required state of mind to deny Plaintiff assistance with that need. *See Brawner v. Scott Cnty.*, 14 F.4th 585, 595-96 (6th Cir. 2021) (defining "deliberate indifference" in detainee context). Accordingly, Plaintiff's allegations

---

[1] The Court otherwise notes that, to the extent Plaintiff asserts this claim to seek dismissal of any pending criminal charges, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense at any subsequent criminal trial.

4

Case 4:21-cv-00037-KAC-CHS   Document 17   Filed 04/14/22   Page 4 of 6   PageID #: 30

regarding a lack of medical care during the booking process fails to state a claim for relief under Section 1983.  *See, e.g., Twombly*, 550 U.S. at 555, 570.

Second, Plaintiff's claim that Individual Defendants failed to follow regulations regarding phone calls fails because it is conclusory and devoid of factual support.  *Iqbal*, 556 U.S. at 681.  Moreover, Plaintiff has no constitutional right to make a telephone call immediately after arrest.  *See, e.g., Harrill v. Blount Cnty.*, 55 F.3d 1123, 1125 (6th Cir. 1995) ("The right to make a phone call immediately on arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law.").  Therefore, these allegations fail to state a cognizable claim for relief under Section 1983.

Third, to the extent Plaintiff's Complaint can be fairly construed to assert a claim of retaliation regarding the booking process, Plaintiff cannot succeed on such a claim unless he demonstrates that:  (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Plaintiff has not identified any protected conduct or a causal connection between any protected conduct and his allegedly protracted booking.  Therefore, the Court dismisses any claim for retaliation.

Finally, this leaves the Court with the crux of Plaintiff's Complaint—that he was denied a speedy, reasonable bail.  Plaintiff has no constitutional right to a speedy bail release.  *See Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012).  However, the Eighth Amendment to the United States Constitution does protect a detainee from *excessive* bail.  *See* U.S. Const. Amend. VIII (providing that "[e]xcessive bail shall not be required"); *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) (holding "Excessive Fines Clause" is applicable to States under Fourteenth

5

Amendment). Bail is considered excessive if it is higher than is reasonably necessary to secure the defendant's presence at trial. *See Fields*, 701 F.3d at 184 (citation omitted). Here, Plaintiff has not demonstrated that any Individual Defendant was responsible for setting the amount of his bail—an act that the Court notes is typically performed by a judicial official, not a jail official. *See, e.g., Stack v. Boyle*, 342 U.S. 1, 5 (1951) (finding "the judge is not free to make the sky the limit" in setting bail). More importantly, Plaintiff has not identified any factors—such as his criminal history or flight risk—that would inform whether the amount set for bail was excessive. S*ee* Tenn. Code Ann. § 40-11-118 (setting forth factors to be considered in setting bail). Therefore, he has failed to raise more than a speculative right to relief. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's allegations are insufficient to state a cognizable claim for speedy or excessive bail, and these claims will be dismissed.

### IV. CONCLUSION

For the reasons set forth above:

1. Even with the benefit of liberal construction, Plaintiff has failed to state a claim upon which relief may be granted under Section 1983, and the Court **DISMISSES** this action under 28 U.S.C. § 1915A;

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

    s/Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge